1  SETH E. PIERCE (SBN 186576)
     sep@msk.com
2  LOUISE TRUONG (SBN 293811)
     ltt@msk.com
3  SARA W. KIM (SBN 329257)
     s1k@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendant
   FOX BROADCASTING COMPANY, LLC
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  YANNE XAVIER, an Individual,          CASE NO. 2:25-cv-09868

13              Plaintiff,                **DEFENDANT FOX
                                          BROADCASTING COMPANY
14        v.                              LLC'S NOTICE OF REMOVAL**

15  FOX BROADCASTING COMPANY,             (Removed from Los Angeles Superior
    LLC, a Delaware Limited Liability     Court Case No. 25SMCV04653)
16  Company; and DOES 1-10, Inclusive,
                                          (Diversity Jurisdiction:
17              Defendants.               28 U.S.C. §§ 1332, 1441, and 1446)

18                                        *[Civil Cover Sheet, Declarations of Seth
                                          E. Pierce and Joseph Ahn, and
19                                        Certificate of Interested Parties and
                                          Corporate Disclosure Statement
20                                        Pursuant to FRCP 7.1 and Local Rule
                                          7.1-1 filed concurrently herewith]*

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP    28

21104243.1

_____

**DEFENDANT FOX BROADCASTING COMPANY, LLC'S NOTICE OF REMOVAL**

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF YANNE**

3  **XAVIER AND HER ATTORNEYS OF RECORD:**

4        PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the

5  Complaint of Plaintiff Yanne Xavier ("Plaintiff"), Defendant Fox Broadcasting

6  Company, LLC ("Defendant") hereby removes the above-entitled action from the

7  Superior Court of the State of California for the County of Los Angeles to the

8  United States District Court for the Central District of California pursuant to 28

9  U.S.C. Sections 1332(a) and 1441. The removal of this action terminates all

10 proceedings in the Los Angeles Superior Court.  *See* 28 U.S.C. § 1446(d).

11 Defendant's removal of this action is proper for the reasons set forth below.

12       1.       On or about September 9, 2025, Plaintiff filed a Complaint entitled

13 *Yanne Xavier v. Fox Broadcasting Company, LLC*, Case No. 25SMCV04653, in the

14 Superior Court of the State of California for the County of Los Angeles (the "State

15 Court Action").

16       2.       Plaintiff's Complaint alleges the following causes of action against

17 Defendant:  (1) Whistleblower Retaliation in Violation of Labor Code § 1102.5; (2)

18 National Origin Discrimination in Violation of the Fair Employment and Housing

19 Act ("FEHA"); (3); Harassment and Hostile Work Environment Based on National

20 Origin in violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to

21 Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; (6)

22 Constructive Discharge in Violation of Public Policy; and (7) Unfair Business

23 Practices in Violation of Bus. & Prof. Code § 17200, *et. seq.*

24       3.       Copies of All Process, Pleadings and Orders: Pursuant to 28 U.S.C.

25 Section 1446(a), copies of all process, pleadings, orders and other papers or exhibits

26 of every kind available to Defendant are attached here, as follows:

27       •    **Exhibit 1:** Summons filed by Plaintiff on September 9, 2025, which

28 was served on Defendant on September 16, 2025.

- **Exhibit 2:** Complaint filed by Plaintiff on September 9, 2025, which was served on Defendant on September 16, 2025.

- **Exhibit 3:** Civil Case Cover Sheet filed by Plaintiff on September 9, 2025, which was served on Defendant on September 16, 2025.

- **Exhibit 4:** Notice of Case Assignment Unlimited Civil Case filed on September 9, 2025, which was served on Defendant on September 16, 2025.

- **Exhibit 5:** Alternative Dispute Resolution (ADR) Information Package filed on September 9, 2025, which was served on Defendant on September 16, 2025.

- **Exhibit 6:** Notice of Case Management Conference filed on September 11, 2025.

- **Exhibit 7:** Proof of Service filed on September 30, 2025.

- **Exhibit 8:** Peremptory Challenge to Judicial Offer filed by Defendant and served on Plaintiff on September 30, 2025.

- **Exhibit 9:** Court Order Denying Peremptory Challenge filed on September 30, 2025.

- **Exhibit 10:** Court Order Granting Peremptory Challenge filed on October 1, 2025.

- **Exhibit 11:** Notice of Case Reassignment filed on October 13, 2025.

- **Exhibit 12:** Answer filed by Defendant and served on Plaintiff on October 14, 2025.

*See* Declaration of Seth Pierce, filed concurrently herewith ("Pierce Decl.") ¶¶ 2-13.

4.    Defendant is informed and believes, and thereon alleges, that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action.  *See* Pierce Decl. ¶ 14.  Accordingly, this action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

## Removal Is Timely

5.    A defendant in a civil action has thirty days from the date it is validly served with a complaint to remove the action to federal court.  28 U.S.C. §

1446(b)(1).  Defendant was personally served with the Complaint on September 16, 2025 and so Defendant has up to and until October 16, 2025, to remove the State Court Action.  Consequently, this Notice of Removal is timely.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Harper v. Little Caesar Enters., Inc.*, No. 1801564, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

6.    The consent of fictitious "Doe" defendants is not required because they have not yet been served.  28 U.S.C. § 1446(b)(2)(A) (requiring only the consent of all defendants that have been "properly joined and served").

## Removal Pursuant to Diversity Jurisdiction

7.    This Court has original jurisdiction of this action under 28 U.S.C. Section 1332. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below:

8.    Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, *inter alia*, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

9.      Plaintiff alleges that at all relevant times, including the date the State Court Action was filed, she was a resident of the State of California.  *See* Complaint, ¶ 1.

10.      Based on Plaintiff's stated residence, as well as information and belief, Plaintiff is a citizen of California has been a citizen of California for years.

11.      Moreover, Plaintiff filed the instant Complaint in the Superior Court of the State of California in Los Angeles County, further availing herself to California's judicial resources and indicating her intent to remain in California.  *See* Complaint, *in passim*.

12.      <u>Defendant's Citizenship</u>. A limited liability company ("LLC") is a citizen of every state of which its members are citizens.  *See*, *e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business.  *See*, *e.g.*, *Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at \*4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation . . . but by citizenship of its owners and members.").

13.      For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

14.      Defendant was at the time of filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Joseph Ahn, filed concurrently herewith ("Ahn Decl.") ¶ 4.

15.      Defendant's sole member is Foxcorp Holdings LLC, a limited liability company organized under the laws of the State of Delaware.  *See id.* ¶ 4.

1      16.     The sole member of Foxcorp Holdings LLC is Fox Corporation, which
2    is incorporated in Delaware and has its principal place of business in New York.
3    *See id.* ¶ 5.

4      17.     Accordingly, for purposes of determining diversity, Defendant is
5    regarded as a citizen of Delaware and New York.

6      18.     <u>Citizenship of "Doe Defendants"</u>: The Complaint does not set forth the
7    identity or status of fictitious defendants 1 through 10.  The citizenship of unknown
8    and fictitiously-named "Doe" defendants must be disregarded for the purposes of
9    determining diversity jurisdiction and cannot destroy the diversity of citizenship
10   between the parties in this action. *See* § 1441(a); *Newcombe v. Adolf Coors Co.*, 157
11   F.3d 686, 690-91 (9th Cir. 1998); *McCabe v. Gen Foods Corp.*, 811 F.2d 1336,
12   1339 (9th Cir. 1987) (holding that district court properly disregarded the presence of
13   unidentified "Doe" defendants when evaluating diversity jurisdiction).

14      19.     As demonstrated above, pursuant to 28 U.S.C. Section 1332(a)(3),
15   complete diversity exists between the parties.

16      20.     <u>Amount in Controversy</u>. In measuring the amount in controversy, a
17   court must assume that the allegations of the complaint are true and that a jury will
18   return a verdict for the plaintiff on all claims made in the complaint.  *See Kenneth*
19   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D.
20   Cal. 2002).  The Court must consider all recoverable damages, including liquidated
21   damages, punitive damages, and attorneys' fees authorized by statute.  *See Kroske v.*
22   *US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005). The amount in controversy is not
23   a projection of liability, but the amount "at stake" in the litigation.  *Chavez v.*
24   *JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).

25      21.     Defendant's notice of removal only needs to include a plausible
26   allegation that the amount in controversy exceeds the jurisdictional threshold.  *See*
27   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).
28   The preponderance of the evidence standard governs whether Defendant has met its

Mitchell
Silberberg &
Knupp LLP
21104243.1

**DEFENDANT FOX BROADCASTING COMPANY, LLC'S NOTICE OF REMOVAL**

1  burden of establishing the amount in controversy.  *See Cagle v. C&S Wholesale*

2  *Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014).  Under this

3  standard, "the removing party's burden is 'not daunting,' and defendants are not

4  obligated to 'research, state, and prove the plaintiff's claims for damages.'"

5  *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting

6  *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)).

7  When a "[d]efendant's calculations [are] relatively conservative, made in good faith,

8  and based on evidence wherever possible," the court may find that the "[d]efendant

9  has established by a preponderance of the evidence that the amount in controversy"

10  is met.  *Id.* (internal citations omitted).

11      22.    Here, the Court can reasonably ascertain from Plaintiff's Complaint

12  and her prayer for relief that the amount in controversy exceeds $75,000.  Plaintiff

13  seeks, among other things, "general damages," "compensatory damages," "special

14  damages," "punitive damages," "exemplary damages," "restitution of all monies,"

15  and "attorneys' fees."  *See* Complaint, Prayer For Relief.  Without admitting the

16  validity of Plaintiff's seven (7) causes of action (all of which are expressly denied

17  by Defendant), the amount in controversy is in excess of $75,000, exclusive of

18  interest and costs. Defendant meets its burden based on the following:

19      23.    <u>Economic Damages</u>: The Complaint alleges that "Plaintiff has suffered

20  and continues to suffer substantial damages, including but not limited to loss of past

21  and future earnings [and] loss of employment benefits, . . ." *See* Complaint, ¶¶ 25,

22  35, 42, 49, 56, 63, 70 and Prayer for Relief.

23      24.    Plaintiff's causes of action are based on allegations that she was

24  constructively discharged by Defendant on or about June 26, 2025 because of

25  national origin discrimination and retaliation. *See* Complaint, ¶ 12.

26      25.    In establishing that the amount in controversy likely exceeds the

27  jurisdictional minimum, a defendant is permitted to calculate the likely back pay

28  award from the date of the termination until the date of likely judgment.  *See Garcia*

*v. ACE Cash Express, Inc*., 2014 WL 2468344, *4 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc*., 2007 WL 1589543, *2, n.1 (E.D. Cal. Jun 1, 2007) (Plaintiffs "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

26.    Here, prior to her separation of employment with Defendant, Plaintiff earned $91,500 a year.

27.    As of the most recent reported data in June 2025, the median time from the filing of a complaint until trial in the Central District of California is 26.7 months.  *See* United States Courts Statistics, https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-june-2025.  With a removal of October 15, 2025, that would mean an estimated trial date in December 2027.

28.    Accordingly, Plaintiff's claim for lost wages alone could exceed $75,000.  But even if Plaintiff has no economic loss (or asserts none), the jurisdictional minimum is still satisfied given the other relief sought.

29.    <u>Emotional Distress.</u>  Plaintiff also alleges emotional distress damages. Plaintiff alleges that "[a]s a direct result of Defendant[]'s unlawful conduct, Plaintiff has suffered and continues to suffer . . . severe emotional distress, anxiety, mental anguish, medical expenses, and other special and general damages according to proof at trial."  *See* Complaint, ¶¶ 25, 35, 42, 49, 56, 63, 70, and Prayer for Relief.

30.    "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."  *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).  Jury verdicts in employment discrimination cases make clear that emotional distress is frequently

awarded in significant amounts and as a multiple of the economic loss sustained. *See Saccio v. Romasanta*, 2016 WL 7118673 Case No. 15CV00672, Superior Court, Santa Barbara County (November 22, 2016) (in age discrimination action, jury awards $75,000 in non-economic damages, but less than $70,000 in economic damages); *Abe v. Symantec Corporation*, 2016 WL 6883223 Case No. BC547652, Superior Court, Los Angeles County (July 22, 2016) (verdict in pregnancy, gender and disability discrimination case for $50,000 in "pain and suffering," but only $25,003 in back-pay); *Swinton v. Potomac Corp*., 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Perona v. Time Warner Cable, Inc*., 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and

1  failure to accommodate case for $80,000 in "noneconomic damages," and $80,000

2  in economic damages).

3      31.     Attorneys' Fees. Plaintiff seeks attorneys' fees authorized by

4  Government Code 12965(b). *See* Complaint, ¶ 77 and Prayer for Relief.

5  Accordingly, those fees may be considered when determining the amount in

6  controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

7  ("where an underlying statute authorizes an award of attorneys' fees, either with

8  mandatory or discretionary language, such fees may be included in the amount in

9  controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011

10  (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover

11  reasonable attorney fees, a reasonable estimate of fees likely to be incurred through

12  resolution is part of the benefit permissibly sought by the plaintiff and thus

13  contributes to the amount in controversy.").

14      32.     In employment cases, fee awards for prevailing plaintiffs tend to be

15  high.  *See Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002)

16  (affirming "$249,345 in attorney fees" in an employment discrimination case); *see*

17  *also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The

18  court notes that in its twenty-plus years' experience, attorneys' fees in individual

19  discrimination cases often exceed the damages.").  While Plaintiff's attorneys' fees

20  cannot be precisely calculated from the face of the Complaint, it is reasonable to

21  assume that the amount of attorneys' fees Plaintiffs could incur in the course of this

22  matter may exceed the damages award and the jurisdictional threshold itself.

23  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

24      33.     Even an overly conservative $75,000 estimate for Plaintiff's attorneys'

25  fees in this matter would be sufficient to surpass the jurisdictional minimum, even

26  if only nominal damages were awarded.  And attorneys' fees are likely to be much

27  higher, and thus this category itself would satisfy the jurisdictional minimum.

28

Mitchell
Silberberg &
Knupp LLP

21104243.1

**DEFENDANT FOX BROADCASTING COMPANY, LLC'S NOTICE OF REMOVAL**

34.   <u>Punitive Damages.</u>  Plaintiff also expressly seeks to recover punitive damages.  *See* Complaint, ¶¶ 36, 43, 50, 57, 64, 71, and Prayer for Relief.

35.   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009.  California statutory law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

36.   Plaintiff also seeks open-ended relief in the form of "other and further relief as the Court deems just and proper."  *See* Complaint, Prayer for Relief.  Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy.  *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.).

37.   Defendant denies that Plaintiff's claims have any merit.  Defendant also denies that Plaintiff suffered any damages.  However, when the relief sought (i.e., back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

38.    Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.  Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## **Venue**

39.    Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, and this U.S. District Court for the Central District of California - Western Division is the U.S. District Court for the district and division within which this action is pending. *See* 28 U.S.C. § 84(c); § 1441(a).

40.    A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Defendant Fox Broadcasting Company, LLC respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles, to the above-entitled Court.

Dated: October 15, 2025

MITCHELL SILBERBERG & KNUPP LLP
SETH E. PIERCE
LOUISE TRUONG
SARA W. KIM


By:    /s/ Seth E. Pierce
        Seth E. Pierce
        Attorneys for Defendant
        FOX BROADCASTING COMPANY,
        LLC